**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

A.M.P. and John and Jane Doe(s),

Plaintiffs,

v.

Hubbard Broadcasting, Inc., KSTP-5, and any other Defendant Doe(s),

Defendants.

Civil No. 01-2097 (DWF/SRN)

**MEMORANDUM OPINION AND ORDER**

---

John Scott, Esq., Scott Law Firm, Suite 743-B, Butler Square, 100 North Sixth Street, Minneapolis, MN 55403, appeared on behalf of Plaintiffs.

Paul Hannah, Esq., 2625 Firstar Center, 101 East Fifth Street, St. Paul, MN 55101, appeared on behalf of Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on November 16, 2001, pursuant to Plaintiffs' Motion for Temporary Restraining Order. In the Complaint, Plaintiffs have alleged claims of libel, slander, intrusion upon seclusion, publication of private facts, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation *per se*. For the reasons set forth below, the motion for temporary restraining order is denied.

## Background

Plaintiff A.M.P. ("A.M.P.") is an adult woman and a member of an unnamed religious organization ("the group").[1] A.M.P. has alleged that her father, Gaeland Priebe ("Priebe"),

---

[1] The John and Jane Doe Plaintiffs remain unidentified. A.M.P.'s attorney

FILED NOV 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

sexually assaulted her while she was a minor. Priebe has been charged in Shawano County, Wisconsin, for his conduct towards A.M.P. Priebe has allegedly asserted the defense of insanity, maintaining that the group induced his behavior against A.M.P.

A.M.P. contends that Priebe, along with a number of other former members of the group, approached Defendant KSTP-5 ("KSTP")[2] and induced KSTP to do a story about the group. A.M.P. asserts that, in a portion of that story which has already aired, former group members ascribed a variety of atrocities to the group. A.M.P. anticipates that a portion of that story, scheduled to air November 16, 2001, at 10:00 p.m., will involve Priebe describing his behavior towards A.M.P. and criticizing the group.[3] A.M.P. alleges that Priebe is doing this to harass and intimidate her, to discourage her from testifying against him, and to poison the pool of potential jurors for his criminal trial.

A.M.P. seeks this injunction to prohibit any broadcast or advertising of the KSTP news story about the group. A.M.P. alleges that the facts in that story are untrue and that the airing of the story, as it regards her alleged abuse and insofar as it criticizes her chosen religious practices, would cause her grave emotional harm.

---

[1](...continued)
indicated that he does not know who these John and Jane Doe Plaintiffs might be, only that he expects that there are additional potential plaintiffs–most likely other members of the group–who stand to be psychologically, emotionally, and financially harmed by the expected actions of the Defendants.

[2] KSTP-5 is a television station owned by Defendant Hubbard Broadcasting, Inc.

[3] A.M.P. asserts that Priebe has already appeared in promotional ads for the story, but she has not provided the Court with any information about the substance of those promotional ads, specifically whether A.M.P. or any crimes against her are mentioned.

## Discussion

Generally, a temporary restraining order or preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Publishing Co. v. Mead Data Central, Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986), *cert. denied*, 479 U.S. 1070 (1987). The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

However, this case requires a somewhat different and more specialized analysis. The relief requested in the instant case would constitute a prior restraint on a broadcast by a news agency. Courts take a dim view of the prior restraint of expression, and exceptions to the general rule against such prior restraints are recognized only in extraordinary circumstances. *See Near v. State of Minnesota*, 283 U.S. 697 (1931); *New York Times Co. v. United States*, 403 U.S. 713 (1971). "To justify a prior restraint on pure speech, 'publication must threaten an interest more fundamental than the First Amendment itself.'" *Ford Motor Company v. Lane*, 67 F. Supp. 2d 745, 752 (quoting *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996)). Prior restraint is justified "only where the evil that would result from the reportage is both great and certain and cannot be militated by less intrusive measures." *C.B.S., Inc. v. Davis*, 510 U.S. 1315, 1317 (1994).

Plaintiffs have not met that burden in this case. At a minimum, the "evil that would result from the reportage" is far from certain. With respect to the John and Jane Doe Plaintiffs, the Court does not even know whether they exist, and the Court certainly cannot justify prior restraint of the news media on the grounds that these potential plaintiffs might exist and might suffer some nebulous harm. Even with respect to A.M.P., without knowing the substance of the news broadcast at issue, the Court cannot determine with any certainty that A.M.P. will be harmed by it. Priebe has allegedly appeared in ads for the broadcast, but there is nothing in the record before the Court to indicate that A.M.P. or the acts perpetrated against her have been or will be mentioned. While the Court is deeply sympathetic to A.M.P.'s situation, the record before the Court does not trump the overwhelming presumption in favor of protecting the First Amendment interests of the Defendants.

The Court does not intend to belittle the emotional pain which A.M.P. is doubtless suffering. The trauma of the alleged crimes against her coupled with the ordeal of a criminal proceeding would be more than many could bear, and there is at least a possibility that the contents of tonight's news broadcast will cause A.M.P. further emotional distress. Indeed, A.M.P.'s Complaint stands, and she may have a remedy at law for any harm she does actually suffer as a result of the broadcast at issue. However, the Court's obligation to Constitutional first principles must rule the day here, and the possibility of further emotional trauma for A.M.P. cannot justify a prior restraint of expression.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED**.

Dated: November 16, 2001

PAUL A. MAGNUSON
Judge of United States District Court